### WILSON *v.* McGREGOR.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

Costs—Amount of Recovery.

> An action for damages for alienating the affections of plaintiff's husband by false, slanderous, and malicious reports, whether regarded as an action for slander, or for seduction, or for other "personal injury," within the definition of that term by Code Civil Proc. N. Y. § 3343, subd. 9, which includes any "actionable injury to the person either of the plaintiff or another," is not within the jurisdiction of a justice of the peace, (section 2863, subd. 3;) and is therefore governed as to costs by section 3228, subd. 3, giving the plaintiff costs on final judgment in his favor, but not to exceed the damages, if the recovery be less than $50, in an action for slander, criminal conversation, seduction, etc.

Appeal from special term, Orange county.

Action by Sarah M. Wilson against Debby Ann McGregor. At the trial, the jury found a verdict for plaintiff for $45. Costs of the action having been taxed by the clerk in favor of defendant, such taxation was, on motion of plaintiff, vacated, and costs taxed in favor of plaintiff for $45, the amount of her recovery. From the order entered thereon, defendant appeals. Code Civil Proc. N. Y. § 2863, provides: "But a justice of the peace cannot take cognizance of a civil action, in either of the following cases: * * * (3) Where the action is to recover damages for an assault, battery, false imprisonment, libel, slander, criminal conversation, seduction, or malicious prosecution," etc. And section 3228 provides: "The plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor, in either of the following actions: * * * (3) An action specified in subdivision first, third, fourth, or fifth, of section 2863, of this act. But if, in an action to recover damages for an assault, battery, false imprisonment, libel. slander, criminal conversation, seduction, or malicious prosecution, the plaintiff recovers less than fifty dollars damages, the amount of his costs cannot exceed the damages."

Argued before DYKMAN and PRATT, JJ.

*William D. Dickey,* for appellant.     *Wilton Bennet,* for respondent.

PRATT, J. The complaint herein alleges "that the defendant herein, willfully and maliciously contriving, did unlawfully and illegally * * * alienate the affections of plaintiff's husband by false, slanderous, and malicious reports, to-wit, that the plaintiff was a prostitute, etc., and divers other false,

malicious, and slanderous words; also, that, by reason thereof, plaintiff's home was broken up, and the affections of her husband alienated." The last clause alleges the special damages suffered by reason of the utterance of the slanderous words. The complaint, therefore, states the facts constituting the cause of action. We may call it an action of slander, or one in the nature of seduction; the former, I think, more nearly describes it; but if it is either, it was one not proper to be brought before a justice of the peace, and hence the costs, as finally adjusted, were correct. This is clearly an action for a personal injury, and under section 3343, subd. 9, such an action includes "libel, slander, seduction," etc., "or any other actionable injury to the person of the plaintiff or of another." It seems to be clearly the intent of the Code that actions of this nature shall not be tried before a justice of the peace, and that, where the recovery is less than $50, the costs shall not exceed the recovery. We think the order is right, and must be affirmed.